By the Court, Barbour, J.
As the official assignee in bankruptcy was not a party to the foreclosure suit, and is, for that reason, wholly unaffected by the judgment and sale had thereunder, the only question for our consideration is, whether such assignee now has such an estate and interest in the premises which are the subject of this controversy as materially to affect the title of the plaintiffs.
Upon and by the entry of the decree in the bankruptcy proceedings, and the appointment of Mr. Waddell as assignee, such assignee became and was, ipso facto, the owner in fee of the premises in question, and as fully'vested with all the legal and equitable rights pertaining to such ownership as the bankrupt himself theretofore had been. (See Bankruptcy Act, 5 U. S. Stat. at Large, p. 442, § 3.)
The 8 th section of that act provides that the circuit and district courts of the United States shall have concurrent jurisdiction of all suits that may be brought by an assignee of the bankrupt against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt, transferable to or vested in such assignee ; and that no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court •whatsoever, unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of action shall have first accrued. (Id. p. 444.)
Although the power of congress to deprive any person, not *452 being a party to or connected with the bankruptcy proceedings, - •of the right to bring.in and maintain his suit in a state court, within the time limited by the laws of such state, may well be doubted, it is quite clear that the same statute which vests the assignee with all the property and interests of the bankrupt, may also provide that no suit shall be brought by him against an adverse claimant, unless the same shall be commenced within two years after the right of action shall have accrued, and that the assignee will take his title subject to that restrictive provision.
Neither when the mortgage in this case was executed, nor at any subsequent period, did such mortgage itself constitute an • adverse claim within the meaning of the act. For it conferred • upon the mortgagee no estate in the land, nor did it vest him ■ with the possession of the premises. It was, simply, a lien and charge upon the land, which, for aught that appears, was •never disputed by the mortgagor or the assignee, and which .both were estopped by the mortgage itself to deny.
Nor did the foreclosure sale, and the purchase of the property by the mortgagee, change the legal status of the parties. The assignee in bankruptcy being entirely unaffected by the ■ decree to which he was not a party, still remained the owner in fee and entitled to the possession, while Price took no greater . interest or right, as between himself and. the former, than he ■ had before the commencement of that proceeding, to wit, that ■ of a mere mortgagee.
.Had such purchaser informed the assignee that he claimed •’ the ownership or right of possession by virtue of the master's . deedj or,- even, if he had entered into the actual possession of and ocpiipied the premises in such a manner that the assignee ".must be presumed to have had notice thereof, as was the -case in Stevens v. Hauser, (1 Rob. Rep. 50,) such assignee ■ would have been bound, no doubt, to commence an action ■ for the- recovery of the premises, or to quiet his title, within •two years thereafter. .But the case before us neither shows that such possession was ever taken, nor that the assignee -has, ever Jhad notice, constructive or otherwise, that such *453 purchaser had or claimed any right or interest in the premises adverse to his own title, nor, indeed, that the mortgagee ever claimed any interest, except as such mortgagee, prior to his agreement to sell to the defendant. So far as appears from the submitted cáse, therefore, there has been no time, since the publication of the decree, when the assignee was required by the statute of bankruptcy to institute a suit against the purchaser as an adverse claimant; and it follows that he is not barred by the limitation contained in that act, but, when such agreement was made, lawfully might have taken, and still may take possession of the premises, if vacant, or bring and maintain his action in ejectment for the recovery of the possession, if occupied by any other person against his will.
J udgment must, therefore, be rendered for the defendant, under the stipulation, with costs to be regulated by the 273d section of the Code.