## No. 4931.

### Carl Kunmengeiser vs. Louis Juncker et al.

On the trial of this suit, which is a petitory one, the plaintiff offered witnesses to prove a private agreement between himself and the defendant, by which the latter agreed to take the property in question in his name for the benefit of the plaintiff, or, in other words, to contradict the notarial act of sale and prove title to real estate by parol. This was objected to, and the objection should have been maintained.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. Kennard, Howe & Prentiss,* for plaintiff and appellee. *Sambola & Ducros,* for defendant and appellant.

Ludeling, C. J. This is a petitory action. The plaintiff alleges that he purchased the property ·in question, and by agreement with defendant had the title to the property placed in the name of defendant, who executed the notes for the credit portions of the price. The title to the real estate shows that the defendant purchased the property and executed his notes for the credit part of the price and paid the cash installment. On the trial the plaintiff offered witnesses to prove a private agreement between himself and the defendant by which the latter agreed ·to take the property in his .own name for the benefit of the plaintiff, or, in other words, to contradict the notarial act of sale, and· prove title to ·real estate by parol. This was objected to on the ground that parol evidence was inadmissible to contradict the written title or to establish title to real estate. The objection should have been maintained. The Civil Code, article 2440, declares : "All sales of immovable property shall be made by authentic act or under private signature. Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."

"Neither shall parol evidence be admitted against or beyond what is ·contained in the acts, nor in what may have been said before or at the time of making them, or since." C. C. 2276.

Here the effort was to destroy the written recorded title of the defend-.ant, and to establish a title to the property in favor of the plaintiff by parol evidence. 12 An. 213 ; 5 An. 132, 204; 3 Rob. 452 ; Barbin vs. Gaspard, 15 An. 541.

This view renders it unnecessary to notice other points made by defendant.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment in favor of the defendant rejecting the plaintiff's demand with costs of both courts.