| 32 | 635 |
| 44 | 602 |
| 32 | 635 |
| 49 | 988 |
| 32 | 635 |
| 51 | 1463 |
| 51 | 1473 |
| 32 | 635 |
| 116 | 956 |
| 32 | 635 |
| d118 | 465 |
| f119 | 684 |

## No. 4849.

MRS. WIDOW SIMEON PERRAULT, TUTRIX, VS. OCTAVE PERRAULT ET AL.

Under the law of Louisiana, the general rule forbidding the establishment of title to real estate by parol evidence, finds no exception in the case of a fraudulent violation of an alleged parol mandate to buy. The decision in Hackenburg vs. Gartskamp, 30 An. 898, affirmed.

Prescription against the action of forced heirs for the reduction of excessive donations, only begins to run from the death of the donor.

Article 1556 of the Civil Code of 1825, by which donations *inter vivos* were revoked, up to the disposable portion, by the subsequent birth of children to the donor, was a law based upon considerations of public policy, and not passed in view of giving to the donor any right or privilege in any manner personal to him. Therefore, the Act of the Legislature of 1855, repealing the said Article of the Code, cannot be considered as having a retroactive effect, or impairing any obligation of contracts, or affecting vested rights.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

L. Charvet and G. Duplantier for Plaintiff and Appellee.

Finney & Miller for Defendants and Intervenor, Appellants.

The opinion of the Court was delivered by

FENNER, J. In August, 1850, Simeon Perrault made a donation *inter vivos* of certain immovable property to Octave and Marie Perrault, defendants herein. He subsequently married and had five children.

Simeon Perrault died in 1866, intestate, without property, and leaving four children surviving him.

This action is brought by plaintiff, as tutrix of said children, for the purpose of having said donation reduced to the disposable portion, and to have the remaining two thirds of the property declared to belong to the estate of their deceased father, and to them as his natural heirs.

To this action the defendants filed a general denial, and also pleaded the prescription of ten and twenty years.

Mrs. Appolinaire Perrault, the mother of defendants, intervened in the suit, alleging that she was the real owner of the property ; that the same had been bought by Simeon Perrault as her agent, and the cash portion of the price had been paid with her money, entrusted to him for the purpose ; that the credit portions of the price had been wholly paid by her ; that, fraudulently and without her knowledge or consent, said Simeon Perrault had taken the title to the property in his own name ; that she had always possessed and administered the property ; had paid the taxes ; had built on the property at her own expense ; and that Simeon Perrault had never disputed her ownership ; that she was not a party to the donation made by Simeon to defendants, which act she claims to be consequently null and void ; and she therefore prayed that she be decreed to be the lawful owner of the property fraudulently conveyed to Simeon Perrault, her agent, and that the act of donation be declared null and void.

There was judgment in favor of plaintiffs and against defendants, and dismissing the intervenor's demand, from which judgment defendants and intervenor have appealed to this Court.

Appellants complain of the proceedings and judgment in the lower court in the following particulars, viz.:

1st. That the judge excluded parol evidence offered by the appellants to establish the agency of Simeon Perrault in the purchase of the property, his fraud in taking the title thereto in his own name, and the other allegations of the intervenor, for the purpose of establishing that the real title to said property was in intervenor.

The question of the admissibility of parol evidence for the purposes above stated has been the subject of conflicting and irreconcilable decisions. We must, however, regard the recent case of Hackenburg vs. Gartskamp, 30 An. 898, as settling the controversy, adversely to its admissibility. The opinion of the majority of the Court and the dissenting opinion of Mr. Justice Egan, in that case, establish that the question was exhaustively considered, all the authorities reviewed, and all the reasons *pro* and *con* fully discussed. We are not disposed, and see no good reason, to disturb the conclusion reached by the majority of the Court, that, under the law of Louisiana, the general rule forbidding the

establishment of title to real estate by parol evidence finds no exception in the case of a fraudulent violation of an alleged parol mandate to buy. The principal in such case, whose money has been misapplied, or who has been otherwise injured by the fraudulent conduct of his agent, must find redress in his personal action for pecuniary indemnity. The evidence was therefore properly excluded.

2nd. It is contended that the donation to defendants was a "remunerative donation," and therefore only reducible in accordance with art. 1513, Rev. C. C. The clause of the donation from which the remunerative character is sought to be deduced is the following : "Lequel en reconnaissance des bons soins que lui a portés sa belle sœur, dame Perrault, et voulant donner des preuves de sa tendresse à ses niéce et neveu Marie et Octave Perrault, * * a, par les présentes, fait donation entre vifs, pur et simple," etc.

The remunerative character of a donation should appear upon its face ; and we do not find in the words above quoted any recognition or discharge of any obligation, but a simple declaration of motives for giving. Besides, as the donation was made, without the knowledge or consent of Madame Perrault, as she alleges in her intervention, and to others than herself, it is plain that the acceptance by the donees would in no manner affect her right to claim for any services she might have rendered, if so entitled.

The judge properly excluded parol evidence to establish the nature or value of these services.

3d. The plea of prescription was properly overruled. The minors, who were entitled to the benefit of this revocation, could not have brought their action until after the death of their father, who died in 1866, and the action was brought in 1872.

4th. We are of opinion, however, that the share of the plaintiffs in the property is only one half, instead of two thirds, as allowed in the judgment of the Court. The evidence shows that only two children were born to Simeon Perrault prior to March 15, 1855, on which date the act of the Legislature was passed repealing the provision of the Code revoking donations *inter vivos* on account of the subsequent birth of children.

The effect of the birth of those two children was to reduce the donation by one half, and it was not revived by the death of one of them, but continued and inured to the benefit of the donor and his heirs. Art. 1559, former Code.

But we are of opinion that the birth of children after the repealing act of 1855 had no effect whatever on the donation. This is not giving a retrospective effect to the law, in any sense, nor does it interfere with any vested right or impair any obligation of a contract.

A reference to articles 1556, 1557, 1558, 1559, and 1560 of the former Code will show that this cause of revocation is not given to the donor as a right or privilege in any manner personal to him. It is a cause of revocation established by the law upon considerations of public policy, which takes effect by operation of the law itself, and so completely independent of the will of the donor that he can neither renounce it in advance, nor revive the donation thus revoked by any confirmative act, and, if he wishes still to give the property to the donee, can only do so by a new and original act of donation.

It is manifest therefore that, as this cause of revocation only takes effect by operation of law, as soon as the law giving such operation ceases to exist the subsequent birth of children can have no effect whatever on the donation.

5th. It is contended that the judgment is erroneous, because it awards to plaintiffs a share of both property and improvements, whereas the donation was only of the naked property. The improvements must go with the property. If, as alleged by Mrs. Perrault, they were erected by her, and at her own expense, she must seek her remedy under those provisions of law governing the rights of persons who have made constructions on the land of another.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to reduce the proportion of the property awarded to plaintiffs from two thirds to one half thereof, and that, as thus amended, the said judgment be affirmed, appellees to pay costs of appeal, and appellants those of the lower Court.