## No. 11,108.

### OSWALD STIERLE VS. JOSEPH KAISER.

Interrogatories should be filed with the affidavits for a commission to examine witnesses out of the State, or the materiality of the testimony sought should be shown by the oath required.

Parol is inadmissible to prove that the person whose name appears in the deed was only the agent and not the purchaser.

Interrogatories on facts and articles are the safer method of securing a confession against the vendee, establishing the transfer of immovable property.

The testimony of witnesses, admitted by the district judge, is considered, without regard to this rule, to probe the conscience of a vendor or vendee of real estate; its preponderance supports the written deed.

The title was recorded several years ago. Upon parol testimony it can not be decreed that the owner named in the deed is not the owner, but a creditor for the amount of the purchase price.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Frank Zingel* and *Henry P. Dart* for Plaintiff and Appellee:

1. Parol evidence is not admissible for the purpose of proving that a third person was interposed to receive or to be invested with the title to the real estate, for the use of and instead of the intended vendee. C. C. 2440, 2275; 42 An. 449; 32 An. 166; 30 An. 898; 4 La. 166; 2 La. 593; 15 An. 540; 5 An. 132; 12 An. 213; 44 An. 600.

 When a commission is obtained to take parol evidence, and the pleadings and issues show that parol evidence is not admissible, the ruling of the lower court rescinding the order will be sustained.

*Albert Voorhies, Simeon Belden* and *Louis P. Paquet* for Defendant and Appellant:

1. Petitory and possessory actions can not be cumulated and joined together. C. P., Art. 55.

2. If so, then the plaintiff " shall be considered as having renounced the possessory, in order to resort to the petitory action." C. P., Art. 54.

3. Defendant has a right to his commission to take testimony of witnesses, upon affidavit of materiality, and where commission has been so allowed the court is without power to withdraw the commission, and to rule the party to trial.
4. Parol testimony as to transfer of immovables is admissible when delivery has been made and the transferee possesses as owner

The opinion of the court was delivered by

BREAUX, J. Plaintiff, alleging that he is the owner of certain real estate in New Orleans, which he acquired from F. H. Stierle on February 8, 1892, by public act duly recorded, and of which the defendant is in possession without title, prays that his title be recognized and that the defendant be made to remove from it and deliver him possession, or in default of his so doing, that he be ejected by process of court.

The defendant pleads the general denial and especially avers that he is the owner of the property. That he bought it from the succession of Abraham Van Dyne on March 1, 1890; that the title was made in the name of Gottlieb H. Striebe, as his trustee and agent, in order to secure the payment of the sum of $4000 advanced to him to pay the purchase price of the property from the succession above named.

That he has been in possession of this property since January, 1872; that the plaintiff was aware, prior to his purchase, that his father, Gottlieb H. Striebe, held the property as agent and trustee.

This suit was filed May 3, 1892. In due time the defendant moved for a commission to take the testimony of witnesses residing in Illinois and New Jersey, and in the motion averred that the testimony sought was material to the defence.

There were no interrogatories presented with the motion.

On plaintiff suggesting that the materiality of the testimony to be obtained by commission was not shown by accompanying interrogatories, or by any document showing its materiality; that the pleadings and issues did not admit oral testimony, and that three days had elapsed since the order had been granted, the court rescinded the order and directed the trial of the case.

On appeal, the first ground of objection is to the court's ruling in rescinding this order to receive the testimony of witnesses.

The statement in the motion that the testimony sought is material, without further allegation or the least statement of anything it is intended to prove, and without reference to interrogatories and in

the absence of all interrogatories, is not sufficient to obtain a commission to examine witnesses not residing in this State.

We do not rest our ruling exclusively upon this failure to file interrogatories in time.

The interrogatories filed several days after the order had been given to issue a commission, reads:

" First interrogatory: Are you acquainted with parties to this suit? If yea, state how long you have known them and where at?"

" Second interrogatory: Are you acquainted with a square of ground in what is known as Rickerville, in the city of New Orleans, and State of Louisiana, bounded by Peters avenue, Leontine, Coliseum and Chestnut streets? If yea, how long have you known it and who has resided on it, whether it has been sold, by whom and to whom?"

" Third interrogatory: If you say said property has been sold, then state when and who is the party that contracted for its purchase, the party who sold and the price paid in this particular; state fully all the facts within your knowledge, and any writing you may have bearing upon the subject matter of these interrogatories?"

The testimony sought by these questions is inadmissible.

Every transfer of immovable property must be in writing.

The defendant's answer does not suggest, even inferentially, that he had written evidence establishing his title.

His testimony as a witness in the case is silent upon the subject.

The *statements* by the witnesses to whom the interrogatories were propounded, of " *all facts* within their knowledge, and *any writing you may have* bearing upon the subject matter of these interrogatories," are clearly inadmissible.

The defendant argues that though he could not establish title to real estate by parol, proof of the delivery of the property and of his possession as owner was admissible.

That he had the right to probe the conscience of plaintiff.

The question being one of title we will not discuss the characte of defendant's possession, as it has no bearing upon the case, there not being any title.

The plaintiff was not examined by propounding interrogatories to him on facts and articles.

He was called and examined during the trial as defendant's witness.

The vendor to plaintiff was also examined as a witness.

This testimony and that of the defendant, as a witness in his own behalf, are the verbal testimony of the case.

A bill of exceptions was reserved to the court's ruling in admitting it. The ground of objection is that it was inadmissible to prove title to immovable property.

In establishing title to real estate there is greater safety and certainty in propounding interrogatories on facts and articles, and in adhering to the articles, upon the subject.

We have, nevertheless, examined the testimony and given consideration to it without regard to the objections urged.

The plaintiff's author, testifying as a witness, called by the defendant, emphatically denies, under oath, that he bought the property as the agent of the defendant.

The following is a question propounded to the plaintiff's author by defendant's counsel:

"You advanced Mr. Kaiser the money to purchase that property and took the title in your name, did you not?

"A. No, sir; no, sir."

He testifies that he bought the property, and not the defendant.

That the latter promised to buy it from him and had never complied with his promise, though frequently called upon.

The plaintiff, testifying as witness for defendant, says that there was an agreement between his author and the defendant whereby the latter was to pay rent or buy the property.

That after the time had elapsed the defendant was called upon to carry it out.

That he, on different occasions, promised to buy it, but never complied or took the least steps toward fulfilling his promises.

A number of letters are in evidence.calling upon the defendant to comply with an agreement, or promise, not clearly stated.

The witness states that they had reference to defendant's promise to buy and were expressions of willingness to sell to him, of which he (defendant) at all times failed to avail himself.

We quote from his testimony in reference to the sale:

"Q. Were you familiar with all the transactions between Mr. Kaiser and your father?"

"A. No, sir; no, sir; not with all of them. I am familiar with some of them."

Stierle vs. Kaiser.

"Q. Before you purchased that property from your father you were fully aware how that transaction stood?"

"A. All I know was that my father had purchased the property from an outside party, and I bought the place from my father. I did not know Mr. Kaiser in the transaction at all as far as the property was concerned. He had no claim in the property—no more than he had promised to purchase the place."

The defendant testifies that he sold the property to a Mr. Van Dyne in 1872.

That this owner being dead in 1890, the legal representatives of his succession offered to sell to him, of which he availed himself, by obtaining the amount of the purchase price from the plaintiff's author and by making the title in the latter's name, until, says the witness, "I returned him everything that he loaned me."

This is denied by his two witnesses. Each says that the purchase was made by the plaintiff for his own account, and that the subsequent promise to sell to the defendant is independent of any agency or promise to represent him in the purchase from the heirs of Van Dyne.

The attempt is made to change the declaration of a deed of sale; to defeat the chain of title from the plaintiff to the defendant.

The weight of the testimony is against the defendant's contention and does not sustain the allegations of his answer.

The public records are the repository of the intention of the parties and are conclusive of that intention until the contrary is established by sufficient evidence.

The district judge exercised certain discretion in admitting testimony not admissible under strict rules of evidence.

After giving consideration to this testimony he decided against the defendant.

We think the judgment is correct.

Judgment affirmed at appellant's costs.

## ON APPLICATION FOR A REHEARING.

BREAUX, J. The defendant defends on the ground that the title to the property was made in the name of plaintiff's author, as his agents, to secure the payment of $4000, advanced to him to pay the purchase price.

He does not allege any written title, or directly or indirectly refer to any writing, which may have any bearing upon the subject.

The plaintiff, over his objections, was examined as a witness; though no interrogatories on facts and articles were propounded, he had every opportunity to examine the plaintiff as a witness, and probe his conscience.

The defendant himself was heard as a witness. He did not intimate as a witness that there was any writing on the subject.

The defendant applied to the District Court to have two witnesses examined: John L. Johnson, of Newark, New Jersey, agent for the heirs of J. Van Dyne, vendees of defendant in 1872, and the other, Robert Johnson, of Chicago. They are not vendors and their names are not connected with the chain of title as owners.

The interrogatories filed subsequent to the order were "propounded to them on facts and articles," although they were never owners of the property involved.

The ruling rescinding the order to have these witnesses examined was entirely proper. The defendant complains of the omission of a word. There is no omission from the interrogatories quoted. But whether we read the words "produce," "furnish," "answer," or any other, between the lines of the third interrogatory, as defendant contends should be read, the testimony would not be admissible; the purpose of the defendant being to show title to realty. The word is of no interest and does not change the issue.

The counsel for the defendant who filed the last brief for a rehearing have clearly stated the grounds of the defence. If they will recall that the title was made in the name of the plaintiff and duly recorded;

That he paid the price;

That the defendant has not any writing establishing title;

That the demands for money contained in several letters do not prove a sale, or refer to any sale, the impossibility of decreeing that there is a title under which the defendant shall hold possession as owner will suggest itself to them.

Rehearing refused.