ROGERS, Justice.
 

 Joseph Scurto sued Santa Scurto LeBlanc, his daughter, to be recognized and decreed to be the owner of three parcels of real estate situated in the City of Houma. The-real estate is in the name of the defendant and was acquired by her by three separate authentic acts of sale from Mateo Scurto, Joseph Piazza and the Estate of A. F. Davidson. The first two sales were executed on November 12, 1931, and the third sale was executed on June 8, 1933. In the sales from Mateo Scurto and Joseph Piazza to Santa Scurto, Joseph Scurto, the plaintiff, appeared as the agent of the vendors, under powers of attorney signed by them in the City of Chicago, and executed for his principals the acts of sale, conveying their respective properties to the vendee. All the acts of sale were duly recorded in the conveyance records of the Parish of Terrebonne.
 

 On October 15, 1935, Santa Scurto married Edward LeBlanc. This suit was filed on June 10, 1936, about eight months after defendant’s marriage to LqBlanc and about three years after her acquisition of the Davidson property.
 

 Plaintiff alleged that defendant for about twelve years prior to her marriage and for a short time thereafter acted as his agent and had exclusive charge of all his business affairs, particularly in the purchase of real estate for his account and the building of dwelling-houses for renting purposes thereon. That in her capacity as his agent she had the almost exclusive right to collect his rents, and that she did collect most of the rents that were due him, and almost on all occasions deposited the collections in bank to his credit. That he had implicit confidence in his daughter and never question
 
 *143
 
 ed any of her transactions until about the month of March, 1936 (which was only a 'few months after her marriage to LeBlanc), his suspicions were aroused when his daughter informed him that he was indebted to the Home Builders Supply Company, Inc., in the sum of $887.42: That after discussing the matter with another of his children an investigation was made of the alleged indebtedness, and it was found that he was not indebted to the Home Builders Supply Company, Inc., and that his daughter sought to secure for her own purposes the money alleged to be due that Corporation. That his daughter, acting as his agent, negotiated and purchased for his account the properties of Mateo Scurto, Joseph Piazza and the Estate of A. F. Davidson, which are fully described in the petition, but that she fraudulently had the properties placed in her name, although the entire purchase price thereof was paid by her out of his funds. That he did not become aware of the fact that the properties were in the name of his daughter until he began to investigate the condition of his business affairs after his daughter had attempted to defraud him of the sum of $887.-42 under the pretense of an alleged indebtedness to the Home Builders Supply Company.
 

 The plaintiff attached to his petition seventy-four interrogatories on facts and articles to be answered under oath and categorically by the defendant in open court. The purpose of the interrogatories on facts and articles was to probe the conscience of the defendant as to the truth of the facts alleged. In her answers to the interrogatories, defendant specifically denied that she had negotiated and purchased for plaintiff's account the properties of Mateo Scurto, Joseph Piazza and the Estate of A. F. Davidson, and she expressly stated that she negotiated and purchased for her own account the properties in question and that she paid the purchase price therefor out of her own funds. Defendant further denied that she was guilty of any fraud or deceit towards plaintiff in purchasing the properties. She declared that she informed plaintiff that she was buying the properties for herself; that her own money, and not his money, was used in making the purchases ; and that plaintiff so understood.
 

 After the answers to the interrogatories on facts and articles were concluded, defendant filed an exception of no right or cause of action. Although the exception was argued, it does not appear that any ruling was made thereon. On the contrary, the case was tried on the merits. In the course of the trial, the trial judge, over defendant’s objection, permitted the introduction of parol evidence to contradict defendant’s answers to the interrogatories on facts and articles. After the introduction of evidence was concluded and the argument of counsel was heard, the trial judge rendered judgment in plaintiff’s favor, decreeing plaintiff to be the lawful owner of the properties purchased by the defendant from Mateo Scurto and Joseph Piazza and reserving plaintiff the right to demand and receive an accounting of the rents and revenues thereof, subject to such offsets as defendant might properly establish. The judgment is silent regarding the property pur
 
 *145
 
 chased by defendant from the Estate of A. F. Davidson, which, we take it, means that as to that particular piece of property plaintiff’s demand Was rejected.
 

 The answers of a party to interrogatories on facts and articles form part of the pleadings, and if they are destructive of plaintiff’s action, an exception of no cause of action will lie. Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744. Defendant’s exception should have been sustained. However, the failure of the trial judge to do so is of no consequence, since the same result may be accomplished on the merits of the case by sustaining defendant’s objection to the introduction of parol evidence to contradict her answers to the interrogatories on facts and articles, which objection was erroneously overruled by the trial judge.
 

 It is axiomatic under the law and jurisprudence of this State that parol evidence is inadmissible to create a title in one who never owned the immovable property or to show that the vendee was in reality some other person than the person named in the act of sale. Ceromi v. Harris, 187 La. 701, 175 So. 462, and the authorities therein cited.
 

 And it has been held that the rule finds no exception in the case of a purchase of real estate by an agent with funds alleged to belong to his principal. Hackenburg v. Gartskamp, 30 La.Ann. 898; Perrault v. Perrault, 32 La.Ann. 635 ; Stierle v. Kaiser, 45 La.Ann. 580, 12 So. 839.
 

 Even where real estate is acquired with stolen money the owner of the money does not become the owner of the property. George v. Campbell, 26 La.Ann. 445.
 

 It is also the general rule of our jurisprudence that the verity and reality of authentic sales of immovable property can be assailed only in two ways: “First, by means of a counter letter; second, by the answers of the other party to interrogatories on facts and articles, which stand in lieu of and are equivalent to a counter letter. Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744.
 

 When answers to interrogatories on facts and articles are used to supply the place of a counter letter, they are not sub-, ject to contradiction by anything short of a counter letter or other written evidence. Id.
 

 The rule finds its only relaxation where the owner of real estate is influenced by fraud or error to rest his title in another. Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Cuggy v. Zeller, 132 La. 222, 61 So. 209; Hodge v. Hodge, 151 La. 612, 92 So. 134.
 

 Plaintiff argues that as he has alleged fraud on the part of the defendant, the decision in Le Bleu v. Savoie, interpreting Article 354 of the Code of Practice, supports the ruling of the trial judge, admitting over defendant’s objection parol evidence to contradict defendant’s answers to the interrogatories on facts and articles.
 

 We do not think the argument is tenable. All that the decision in Le Bleu v. Savoie is authority for is, that answers to interrogatories on facts and articles may be contra-
 
 *147
 
 dieted by parol evidence where parol evidence is otherwise admissible to show fraud or error.
 

 Le Bleu v. Savoie was a suit in which plaintiff sought to get back his land which he had placed in defendant’s name under the form of a credit sale, plaintiff alleging that the purported sale was merely one of security, and alleging, further, that it was “by an error of the notary, superinduced by fraud and ill practices of the defendant, that the notarial act was not made to embody the real agreement of the parties” [page 730]. This court held that parol evidence was admissible to prove the fraud or error alleged. “That the plaintiff may show that by fraud or by error the written instrument was made to embody a different agreement from that entered into by the parties, or that, by the fraud of the defendant, the plaintiff was made to agree to something the nature of which he did not rightly understand — for example, was induced to believe that he was executing a mortgage, when in reality he was executing a sale. As thus restricted in its scope, the parol evidence was admissible * * */>
 

 The court having found that parol evidence was admissible to attack the verity of the contract made between the parties litigant, it logically followed that defendant’s answers to the interrogatories confirming the alleged fraudulent contract were subject to contradiction. Plaintiff’s action to get back his land, which he alleged was fraudulently taken from him, was maintainable without the necessity of his probing the conscience of the defendant by requiring her to answer under oath interrogatories on facts and articles. The attaching of interrogatories on facts and articles to plaintiff’s petition was mere surplusage, and they could have been omitted without material injury to plaintiff’s cause of action.
 

 The case of Le Bleu v. Savoie exhibits an excellent example of the exception to the general rule that parol evidence is inadmissible to create title to real estate and that it is also inadmissible to contradict answers to interrogatories on facts and articles confirming such title, the exception being, as we have heretofore stated, where the owner of real estate is influenced by fraud or error to rest his title in another person parol evidence is admissible for the purpose of enabling a party to recover his immovable property or of showing the real agreement between the parties concerning the real estate involved.
 

 In Barrow v. Grant’s Estate, 116 La. 952, 41 So. 220, this court refused to apply the rule referred to in Le Bleu v. Savoie in a case substantially involving the issue presented in this case. The author of the opinion in Barrow v. Grant’s Estate, was also the author of the opinion in Le Bleu v. Savoie. In the opinion which he rendered in Barrow v. Grant’s Estate, he comments upon his opinion in Le Bleu v. Savoie, and shows that the rule announced there was that fraud opens the door to the introduction of parol evidence where plaintiff seeks to show that he had consented to something as the result of an error induced by the fraud of the defendant, but not where he is seeking to show that the recitals of an authentic act by which the sale
 
 *149
 
 of real estate is made to a third person are not true. The statement contained in the opinion in Barrow v. Grant’s Estate, at page 956, 41 So. at page 221, is: “But parol evidence is not admissible to show that in a sale of real estate the vendee named in the act was not the real vendee, but that another person was.” Numerous authorities are cited in support of the statement.
 

 In Hodge v. Hodge, 151 La. 612, 92 So. 134, this court declared the recognized and established rule to be: “Though parol evidence is admissible, where fraud or error is charged, to show that a sale is not real and that the immovable property still belongs to the pretended vendor, it is under po circumstance admissible to create a title in some one who has never owned the property or to show that the vendee was in reality some other person than the person named in the sale.”
 

 The rule is also well recognized and established that Article 354 of the Code of Practice, providing that the answers of a party to interrogatories on facts and articles do not exclude adverse testimony, has no application in a case in which written evidence is required as a substitute therefor, as where the attempt is made in that way to establish title to real estate, and in such a case, the answers, not being open to contradiction, are conclusive. Larido v. Perkins, 132 La. 660, 61 So. 728: Rubenstein v. Files, 146 La. 727, 84 So. 33; Sherman v. Nehlig, 154 La. 25, 97 So. 270.
 

 Our conclusion is that the trial judge erred in overruling defendant’s objection and in permitting the introduction of parol evidence to contradict defendant’s answers to the interrogatories on facts and articles propounded to her. Therefore we are not called upon to review the parol evidence introduced in this case. Whatever may be its effect, this evidence being excluded, defendant’s answers to the interrogatories on facts and articles must stand as uncontradicted and must prevail so far as^the titles to the properties involved in this suit are concerned.
 

 Alleging that she was damaged in the sum of $50,000. by the libelous averments contained in plaintiff’s petition, defendant by way of reconvention seeks to recover that amount. In her brief she asks that plaintiff’s demand be denied, “with such damages in reconvention as the Court in the exercise of a wise judicial discretion may award.” But this court has no power to award damages where nó damages are proved. Our examination of the record has not disclosed any attempt on defendant’s part to prove the allegations of her reconventional demand; and defendant has not taken the trouble, either in oral argument or brief, to discuss her reconventional demand or to point out in the record the evidence on which she relies to support her demand.
 

 For the reasons assigned, the judgment appealed from is annulled and it is now ordered that there be judgment in favor of defendant Santa Scurto LeBlanc and against the plaintiff Joseph Scurto rejecting plaintiff’s demands. Defendant’s recon
 
 *151
 
 ventional demand is also rejected. Plaintiff, Joseph Scurto, to pay all costs of suit.
 

 O’NIELL, C. J., absent.