ELLIS, Judge.
The plaintiff, The Lumbermens Mutual Insurance Company, instituted this action to recover damages of $513.06 from the defendant, Everett Sidney Lyons and his insurer, General Insurance Corporation, incurred in a collision between a Pontiac automobile owned and driven by plaintiff’s assured, J. W. Dubose, and the defendant’s Chevrolet pick-up truck. This accident occurred at about 3:00 P.M. on July 18, 1955 within the city limits of Jennings, Louisiana. On agreement of counsel, General Insurance Corporation was dismissed from the suit upon proof that it was not a party at interest.
Judgment was rendered for the defendant in the trial court, rejecting plaintiff’s demands on the basis that although Lyons was negligent, J. W. Dubose was contributorily negligent. Plaintiff has perfected an appeal from the unfavorable judgment.
The facts as set forth by the trial judge are substantially correct and we quote:
“* * * The accident happened on East Highway 90 at a point approximately a mile inside the city limits but yet at a point where traffic does not ordinarily slow down to the 25 Mph *751 speed limit set for motor vehicles and more particularly at a point in front of the G. I. Golden weighing scale on East Highway 90.
“The defendant had been traveling in an eastward direction and had stopped or had slowed so as to make a left turn into the G. I. Golden driveway. The plaintiff was approaching down the same highway from the opposite direction headed in a westwardly direction at a rate of speed between 30 and 35 miles per hour. When the plaintiff was approximately 50 feet from the defendant’s vehicle defendant commenced his left turn and actually entered plaintiffs lane of traffic to the extent of one or two feet at which point the entire left side of plaintiff’s vehicle was struck by the left front of defendant’s pick up truck. Plaintiff did not apply his brakes because he thought the road was too slippery. Defendant never did see the plaintiff’s vehicle until the accident occurred.”
sjs ‡ ^ ‡
“The evidence showed that the paved road was 22 feet wide; and that there was a shoulder at least 7 feet wide on the plaintiff’s side of the road.”
The record also reveals that the highway was blacktopped at the point of the collision; that the shoulders were soft as a result of recent construction on the highway in the vicinity, and the surface of the highway was wet as a result of the inclement weather prevailing there at that time. Also defendant testified that he made signal for left-hand turn prior to the collision and this testimony was corroborated.
The trial judge made the following observation in rendering judgment:
“Obviously defendant was negligent under these findings of fact. The question is — Was the plaintiff guilty of contributory negligence? This Court concluded that he was contributorily negligent in the following ways: 1. In exceeding the speed limit by some 5 to 10 miles per hour. 2. By failing to apply brakes or to slow down when he noticed the defendant crossing into his lane. 3. By not pulling to the right so that his vehicle would not be struck by the defendant.”
Counsel for defendant on appeal urges four defenses: first, that Dubose’ negligence was the proximate cause of the accident; second, he contends that if Lyons was negligent, Dubose’ contributory negligence would bar his recovery; third, that plaintiff’s assured had the last clear chance; and finally, defendant claims that the proof of damages was not proper.
Counsel for the defendant made the following arguments in support of his contention that the negligence of plaintiff’s assured was the proximate cause of the collision :
“It is submitted that the following acts of commission or omission of Mr. Dubose were the proximate cause of the accident in question:
“A. Mr. Dubose was travelling too close to the center line of the highway prior to the accident in question for no lawful reason, especially since the highway between him and the defendant was entirely unobstructed, and especially since the shoulder to Mr. Du-bose’s right was entirely unobstructed and of sufficient width to admit the parking of a motor vehicle.
“B. Mr. Dubose knew that it had showered on the afternoon in question and that as a result the highway was both damp and slippery, and knowing this, upon entering the City Limits of Jennings, La., he should have anticipated heavier traffic, and he should have brought his vehicle under control accordingly.
“C. Mr. Dubose saw, or should have seen, defendant from a safe distance slowing down contemplating a left hand *752 turn, and so seeing the defendant, he should have reduced his speed from ‘35 miles per hour or less’ to at least 25 miles per hour, and further, he should have veered to his right at least two (2) feet.
“D. The circumstances dictated that he do just that and even more: — he could have veered to his right 4 or 5 feet and still have remained on the highway — he could have safely used the shoulder if necessary.
“E. Having failed to so act under the circumstances, Mr. Dubose’s negligence was the proximate cause of the accident in question.”
The first contention set forth above is not persuasive. Mr. Dubose had a perfect right, as regards oncoming traffic to travel anywhere within his lane, as long as no part of his automobile extended over the center line. It appears from the facts that Mr. Dubose was travelling within his lane at the time of the accident. The width of the shoulder is immaterial as regards plaintiff’s right to drive in his own lane. Dubose had the right to expect Lyons to honor his right of way and to wait for him to pass before actually negotiating the indicated left turn. When Lyons did turn a scant 50 feet in front of Dubose there was very little which could be done to avert the ensuing collision.
The third point urged in support of the defense that Mr. Dubose’ acts of negligence constituted the proximate cause of the accident is not tenable, upon close examination. The Lawyer’s Motor Vehicle Speed Chart indicates that had Dubose slowed to the speed of 25 mph upon entering the city limits he would still have travelled 36.7 feet before he reacted to the sudden danger and put on his brakes. After braking his automobile at that speed he would have continued 50.1 feet before bringing his car to a stop. In addition, the speed chart is based upon normal conditions and in this case the road was wet and slippery. Applying the speed chart to the facts in this case it is evident that Lyons created an emergency by crossing into Dubose’ lane when Dubose was only 50 feet away. The fact that Du-bose was exceeding the speed limit prior to the accident is therefore insignificant, for it had no causal connection with the accident.
Answering defendant’s fourth contention, since the blaclctopped highway at the point of the collision was set, it is very likely that the plaintiff would have created a more dangerous situation by veering sharply in an effort to avoid the collision. The law is clear that if one is confronted with a sudden emergency which is not in any way brought about by his negligence, he is not liable even if it subsequently appears that the accident could have been avoided if he had acted differently under the circumstances.
The trial court gave judgment for the defendant, finding the plaintiff contributorily negligent in that he was exceeding the speed limit, he failed to apply his brakes or to slow down when he noticed defendant crossing into his lane, and he did not pull to the right so as to avoid the collision. The application of the Lawyer’s Motor Vehicle Speed Chart to the facts in the instant case indicate that plaintiff did not have time to take any effective action as the defendant crossed into his lane when he was only 50 feet distant. The fact that plaintiff was exceeding the speed limit some five to ten miles per hour was not a proximate or contributing cause of the accident. Had the plaintiff been travelling 25 miles per hour the results would have been the same. The defendant created an emergency. The road was wet and slippery and the shoulder, though wide, was quite soft. Both of these factors would or should have deterred the plaintiff from either slamming on his brakes or veering sharply to his right to avert the collision, even had he had time to act.
The defendants’ counsel urged that the doctrine of last clear chance was applicable and should bar plaintiff’s recovery. The record reveals that the defendant did not *753 see the plaintiff until the time of the accident. The defendant testified that he had stopped his car and was checking the traffic in the rear prior to completing the left turn across the highway. However, it is unlikely that anyone would pull two feet over the center line and then observe the traffic in the rear. This Court is satisfied that the defendant’s car was in motion and in Dubose’ lane at the time the accident occurred and that he entered the lane when Dubose was 50 feet away. The defendant unwittingly created an emergency and the plaintiff did not have an opportunity to avoid the collision. Therefore, the doctrine of last clear chance is found to be inapplicable in this instance.
Plaintiff’s assured, Dubose, testified to the effect that the damages sustained by him in the collision amounted to $563.06. Dubose testified that he paid the $50 deductible and plaintiff paid the balance. This testimony was uncontradicted and was not objected to on trial. It was also corroborated by the notarized subrogation agreement which was introduced in the record.
This court feels that the plaintiff has sustained the burden of proving his damages. It has introduced competent evidence of the extent of the damages. Possibly this evidence given was not the best evidence, but it was introduced without objection.
The case of Le Blanc v. Jordy, La.App., 10 So.2d 64, 65, is cited by the defendants’ counsel in support of his defense that the plaintiff has not proved his damages. However, in that case there were no repairs made and no evidence was introduced to show the cost of making such repairs. This is clearly not the situation in the instant case.
In the case of Scurto v. Le Blanc, 191 La. 136, 184 So. 567 which was also cited in support of the defense, the court found that no damages were proved, and the plaintiff asked for “such damages in reconvention as the Court in the exercise of a wise judicial discretion may award.” Where a definite amount is prayed for and competent evidence is introduced in support of the claim the defendant cannot attack competent corroborative evidence on appeal which he allowed to be introduced into the record without objection during the trial on the merits.
We are of the opinion that the judgment of the District Court should be and is hereby reversed insofar as the plaintiff, Lumber-mens Mutual Insurance Company, is concerned, and affirmed as to Everett Sidney Lyons, granting a judgment of $513.06 to-the plaintiff.
It is so ordered.