163 So.2d 558

Sterling E. LITTLE and Raymond B. Hayes

v.

Robert G. HAIK.

No. 46910.

May 4, 1964.

Robert Louis Carruth, New Orleans, for defendant and appellant.

Cobb & Wright, Joseph V. Ferguson, II, New Orleans, for plaintiffs and respondents.

McCALEB, Justice.

This is a suit for enforcement of an oral agreement of joint adventure allegedly confected by plaintiffs and defendant for the purpose of acquiring certain oil, gas and mineral leases. The plaintiffs, Little and Hayes, are consulting geologists and the defendant, Haik, is an attorney-at-law. The petition alleges, in substance, that Haik proposed to Little during October, 1958 that they buy leases for their joint account; that Little, after consulting Hayes and obtaining his approval, reached an agreement with Haik whereby the latter was to purchase mineral leases in his name

for the joint account of the parties affecting tracts in Iberia and St. Martin Parishes which plaintiffs had investigated and found to be suitable geologically for mineral exploration; that, in accordance with this agreement, Haik acquired certain leases embracing lands situated in Township 11 South, Range 10 East, and Township 12 South, Range 10 East, in the aforesaid parishes; that Haik sold the leases at a profit and, subsequently, reacquired them and that he has refused to recognize plaintiffs' interests in the leases and to render an accounting of his trust. Plaintiffs prayed that Haik be ordered to convey to them a ⅔ interest in the mineral leases which stood in his name at the date the suit was filed and they also demanded an accounting for the profits he had made under the agreement. In addition, they obtained a rule nisi for defendant to show cause why a preliminary injunction should not issue, restraining defendant from transferring or encumbering his interest in any of the leases he had previously acquired.

In the alternative, plaintiffs sued for breach of contract alleging that they had incurred expenses and had devoted considerable time in making surveys, core analyses, etc.; that the time and scientific knowledge they had imparted was worth $28,500 and that they were entitled to recover the total amount of $29,208.32 as damages.

Further in the alternative, plaintiffs averred that, in any event, they were entitled to recover the amount of $29,208.32 on a quantum meruit for professional services rendered and the expenses they had incurred in connection with the acquisition of the leases.

In response to the rule nisi (which is, of course, a summary proceeding) defendant filed exceptions of want of interest and no cause of action accompanied by his answer, in which he denied all and singular the claims of plaintiffs respecting the existence of a joint adventure to acquire mineral leases. Under his exception of no cause of action, defendant alleged that plaintiffs were seeking to establish title to and an interest in immovable property and that they were precluded from proving any such interest or title by parol evidence.

The exceptions were overruled by the trial judge. This was correct since plaintiffs had alleged in their alternative demand, based on a quantum meruit for services rendered and monies advanced, a cause of action provable by parol evidence.[1] Thereafter, on trial of the merits, parol evidence was admitted to prove plaintiffs' al-

---

1. It is well settled that a petition stating a cause of action as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action. Ane v. Ane, 225 La. 222, 72 So.2d 485; Waterworks District No. 3 v. City of Alexandria, 231 La. 908, 93 So.2d 211 and cases there cited.

legations of a joint adventure to acquire the mineral leases without further objection by defendant. However, defendant took the witness stand and denied the existence of the asserted verbal agreement.

After hearing the evidence, the district judge found that plaintiffs had carried the burden of proving the joint adventure alleged by them and he, accordingly, decreed plaintiffs to be the owners of an undivided two-thirds interest in the oil, gas and mineral leases and defendant was ordered to convey such interest to plaintiffs. The judge further rendered judgment in favor of plaintiffs and against defendant on their demand for an accounting, decreeing a personal judgment in favor of Little for $1627.75 and in favor of Hayes for $1388.13, with interest from judicial demand and costs.

Defendant appealed to the Court of Appeal, Fourth Circuit, where the judgment of the district court, based on parol evidence, was affirmed. See Little v. Haik, La.App., 154 So.2d 507. In commenting on the order of the district court that defendant convey to each plaintiff an undivided one-third interest in the mineral leases registered in his name when the case was tried, the court said:

" * * * The rendition of such a judgment was correct since the defendant did not object to the introduction of parol testimony to establish plaintiffs' interest in the mineral lease."

See 154 So.2d 510.

As authority for this conclusion the Court of Appeal cited In Re Industrial Homestead Assn. (La.App.) 198 So. 528 and White v. Lockhart (La.App) 129 So.2d 917 and cases cited therein.

Following the refusal of a rehearing, defendant applied for a writ of review asserting that the ruling of the Court of Appeal is in direct conflict with our recent decision in Hayes v. Muller (on rehearing) 245 La. 356, 158 So.2d 191. The application was granted and the case has been argued and submitted for our decision.

The codal provision which controls this case[2] is Article 2275. This is the first ar-

2. There are other codal articles which have bearing on the issue of the admission of parol evidence in cases such as this. Article 2276, states the general rule that parol evidence shall not be admitted against or beyond what is contained in the acts. Article 2440 declares in part "except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted." And under Article 2836, dealing with particular partnerships (to which a joint adventure is assimilated under our Civil Law), it is provided that "If any part of the stock of this partnership consist of real estate, * * * " the agreement of partnership must be in writing " * * * and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendam."

ticle of Section 2 of Chapter 6 of Title IV of Book III of our Civil Code, and deals with the testimonial proof of conventional obligations. It declares:

"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, *who confesses it when interrogated on oath,* provided actual delivery has been made of the immovable property thus sold." (Italics ours).

 The Article has been many times construed and applied in cases of verbal transfers and no citation of authority is required to say that it has been rigidly enforced against all persons seeking to establish an interest in immovable property by parol evidence.

 Albeit a mineral lease is not either factually or in law a real right (see Reagan v. Murphy, 235 La. 529, 105 So.2d 210), it has nevertheless been "classified" as such by R.S. 9:1105 and this statute has conferred upon all owners of mineral leases "* * * the benefit of all laws relating to the owners of real rights in immovable property or real estate." Accordingly, in view of this statute and the proscription of Article 2275 of the Civil Code, parol evidence was inadmissible to refute the denial of defendant that he and plaintiffs entered into a joint adventure for the acquisition of mineral leases and likewise, under our decision on rehearing in Hayes v. Muller, verbal proof of such an agreement could not be received to establish plaintiffs' demand against defendant for an accounting for the profits made by him as the result of the sale of the leases.[3]

 The opinion of the Court of Appeal, as we have observed, is based on the premise that defendant's failure to object at the trial to the introduction of testimonial proof constituted a waiver of his right to require that plaintiffs establish their interest in the leases by written evidence. We think the deduction patently erroneous. The provisions of Article 2275 are unmistakably clear; they ban testimonial proof of all dispositions affecting real property, save in cases where the person holding the title confesses under oath to a verbal agreement to transfer the real estate or to grant an interest therein. And, when a party interrogated as to the existence of such a verbal contract denies that the contract has been made, as in this case, the other party or parties are bound by such denial and cannot contradict it by parol. Fontenot v. Ludeau, 191 La. 540, 186 So. 21; Harvey v. Richard, 200 La.

---

3. Insofar as the ruling of the lower courts respecting an accounting is concerned, it is proper to point out that Hayes v. Muller was not decided at the time the judgments below in this case were rendered.

97, 7 So.2d 674 and Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680. Under such circumstances, there is no warrant in law or in fact for a conclusion that failure to formally object to the offer of parol evidence either changes the nature of such proof or enhances its value so as to equate it to the standards prescribed by the Code. The most that can be said, we believe, is that the failure to object to such evidence enlarges the pleadings. But, then, the pleadings as enlarged would evidence merely a demand to acquire an interest in an immovable under an oral contract, which is not permissible under our law, unless the defendant confesses under oath the making of the contract.

In this Court counsel for plaintiffs persist in the argument that defendant's failure to formally object to the parol evidence at the trial is fatal to his defense despite the fact that he specially assailed plaintiffs' right to prove their case by such evidence. To fortify this position several cases are cited which are said to support it.

■ We find no merit in the contention. Even though it be conceded that the grounds upon which the exception of no cause of action was founded could not supply the absence of an objection by defendant to parol evidence, it is our view that, by failing to object, defendant did not waive his right to insist that plaintiffs' demands for an interest in the leases and for an accounting be rejected in view of their inability to establish their claims by written evidence. As stated above, this Court, pursuant to Article 2275, has consistently refused to consider parol proof of a claimed title interest by one party when the party against whom the claim is made has purchased the immovable from another party. See Barbin v. Gaspard, 15 La.Ann. 539 (1860); [4] Kunmengeiser v. Juncker, 28 La.Ann. 678 (1876); Hoffman v. Ackermann (on rehearing) 110 La. 1070, 35 So. 293 (1903); Hanby v. Texas Company, 140 La. 189, 72 So. 933 (1916); Hodge v. Hodge, 151 La. 612, 92 So. 134 (1922); Succession of Prescott, 170 La. 233, 127 So. 611 (1930); Ceromi v. Harris,

4. That matter involved the sale of a slave by notarial act from Gaspard to one Snoddy. Plaintiff claimed ownership of the slave on the ground that her late husband was the true vendee and that Snoddy was merely a party interposed. Interrogatories on facts and articles were directed to both defendants. Gaspard answered and confessed the allegations of plaintiff's petition. Snoddy, however, denied the claim, asserting that he was the true vendee. At the trial, the judge refused to receive parol evidence to prove plaintiff's claim and she appealed. This Court affirmed the ruling, notwithstanding that the fact that the confession of Gaspard was offered in evidence without objection. It stated: "These answers it is true, were offered in evidence without objection,—but they are flatly contradicted by those of Gaspard's vendee, and cannot be considered as evidence offered without objection, and sufficient in itself (contradicted as they are,) to make out the plaintiff's case."

187 La. 701, 175 So. 462 (1937) and Cernich v. Cernich, 210 La. 421, 27 So.2d 266 (1946).

It has also been held that no exception exists to this rule in the case of a purchase of real estate by an agent with funds alleged to belong to his principal. Hackenburg v. Gartskamp, 30 La.Ann. 898 (1878) ; Perrault v. Perrault, 32 La.Ann. 635 (1880) and Stierle v. Kaiser, 45 La.Ann. 580, 12 So. 839 (1893).

■ Since the law prohibits proof of an interest in realty by parol evidence, save in a case where the defendant has acknowledged under oath that such interest has been conveyed or actually exists, it is not necessary, where denial is made by such defendant, that he object to parol— for the law itself reprobates such proof.

The Court of Appeal relied on, and counsel for plaintiff strongly contends, that the case of In Re Industrial Homestead Assn., 198 So. 528, decided by the Court of Appeal for the Parish of Orleans in 1940, is authority for holding that defendant's failure to object to parol evidence operates as a waiver of his right to insist that plaintiffs' recovery is barred by reason of their inability to adduce written proof of the alleged joint adventure.

The opinion in the Industrial Homestead case does not justify this position—for, while it is stated therein that some of the early cases have indicated that verbal contracts affecting real estate will be enforced where there has been no objection to the parol evidence, for example, Brown v. Frantum, 6 La. 39 (1833), we find the observations of the court respecting waiver of rights by failure to object to parol evidence to be pure *obiter dicta*. Indeed, the court's decision is based, as it plainly states, on the specific ground that Kirsch, who was opposing a provisional account of the liquidator on the basis that the Association had breached a written contract to sell him real estate thereby damaging him in the sum of $500, was without right to recover because he had failed to put up the $650 deposit required by his offer to purchase.

The other case cited by the Court of Appeal, White v. Lockhart (La.App.) 129 So.2d 917, contains the statement that, where no objection is made to parol evidence when offered to show title to realty, the objection will be considered as waived and proof will be accepted as sufficient to establish title thereto. As authority for this declaration, the court cited only the Industrial Homestead case which does contain such *obiter dicta*. Suffice it to say that this is not a correct statement of the law.

Finally, counsel for plaintiffs rely heavily on the decision of this Court in Cuggy v.

Zeller, 132 La. 222, 61 So. 209.[5] That decision is inapposite here. There, plaintiff sought an accounting and a judgment annulling and cancelling certain sales of real estate made by her to the defendant on the ground of fraud and breach of trust. It was stated by the Court that defendant made a "mild" objection to parol evidence, which was admitted to show the circumstances of the agency and trust relationship between plaintiff and defendant, but that it was not "pressed" and that his failure to make the objection general warranted a consideration of the evidence that was admitted without objection. However, that statement was entirely unnecessary to a proper disposition of the case by the court because, in the instance where a sale by a plaintiff to a defendant is attacked on allegations that the conveyance was the result of error or fraud, parol evidence is admissible and Article 2275 of the Code is without application.

In Scurto v. LeBlanc, 191 La. 136, 184 So. 567, the Court, after stating that "It is axiomatic under the law and jurisprudence of this State that parol evidence is inadmissible to create a title in one who never owned the immovable property or to show that the vendee was in reality some other person than the person named in the act of sale, * * *" observed:

"The rule finds its only relaxation where the owner of real estate is influenced by fraud or error to rest his title in another. Le Bleu v. Savoie, 109 La. 680, 33 So. 729; Maskrey v. Johnson, 122 La. 791, 48 So. 266; Cuggy v. Zeller, 132 La. 222, 61 So. 209; Hodge v. Hodge, 151 La. 612, 92 So. 134." (Italics ours).

We hold that the parol evidence was improperly received to prove plaintiffs' claim for an interest in the leases and for an accounting of the profits derived by defendant therefrom. The same ruling applies to plaintiffs' action for breach of contract.

On the other hand, plaintiffs are entitled to recover from defendant on their quantum meruit demand for whatever funds they have advanced or professional services rendered to defendant in securing the leases. Since the district court has not considered the demand for a quantum meruit, the case will be remanded so that the evidence already touching on this question may be considered with leave to both parties to adduce such additional evidence available to them.

5. We note that counsel cites and stresses Farris v. Miller, La.App., 159 So. 132, decided by the Court of Appeal, First Circuit, in 1935. In that case, the right result was reached but the observations contained therein respecting the effectiveness of parol evidence submitted to prove title to real estate, when received without objection of the opposing litigant, are unsound.

For the reasons assigned, the judgment of the district court, which was affirmed by the Court of Appeal, is annulled and set aside and plaintiffs' demands are rejected as to all claims, except their claim for a quantum meruit and, as to that demand, the case is remanded for further proceedings according to law and consistent with the views herein expressed. All costs of this Court and the Court of Appeal are to be paid by plaintiffs. Taxation of costs of the district court is to await further proceedings.

164 So.2d 276