**B. M. HESTER, Appellant,**

v.

**TEMPEST OIL COMPANY, Inc., et al.,**
**Appellees.**

**No. 22029.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1966.

Edward Harold Saer, Jr., Paul J. Thriffiley, Jr., New Orleans, La., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for appellant.

John A. Hickman, Lake Charles, La., for appellees.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

In this diversity case, appellees sought declaration of title to a certain oil and gas lease situated within the State of Louisiana to which they hold record title. Appellant counter-claimed for declaration of title to the same lease, plus a number of others also held by appellees. After reviewing affidavits, depositions and numerous exhibits, and holding extensive hearings, the District Court concluded that appellant had produced no writing to evidence title to the leases as clearly required by Louisiana law, Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963). Appellees' Motion for Summary Judgment was granted.

We have carefully reviewed the record and considered the contentions of the parties. We agree with the findings of fact and conclusions of law reached by the District Court. The following language from the unpublished opinion of the District Court is relevant:

"It is pertinent to add that from a practical standpoint (in my judgment) the Louisiana rule is an excellent one; particularly is this true with respect to mineral leases having highly fluctuating values. If we did not have this parol evidence rule, claimants under verbal agreements or verbal misunderstandings (par-

5. 28 U.S.C. § 1654. See also Rule 44, F.R.Crim.P.

ticularly if they out-numbered the record owners of the lease) would thereby be permitted to sit idly by while the true owner assumes all the financial risks of drilling and then descend on him with a *preponderance* of verbal testimony when he hits a 'bonanza.' This is the very type situation that the framers of the Louisiana Civil Code wisely decided to forbid in the interest of public policy. That the Louisiana Legislature expanded this policy to mineral leases was no accident."

The judgment is affirmed.