387 So.2d 1265 (1980)
John WADE, d/b/a John Wade and Associates
v.
James R. JOFFRION.
No. 13351.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
Keith D. Jones, Baton Rouge, for plaintiff-appellant John Wade, d/b/a John Wade and Associates.
Arthur A. Vingiello, Baton Rouge, for defendant-appellee James R. Joffrion.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff, John Wade, d/b/a John Wade and Associates, appeals a trial court judgment rejecting his demands and dismissing his suit against James R. Joffrion. We affirm.
On August 24, 1978, Joffrion gave Wade an exclusive listing and marketing contract for the sale of certain lots in East Baton *1266 Rouge Parish. Joffrion himself subsequently sold two of the lots to Steven Guidry but refused to pay Wade his commission as provided for in the listing agreement. Wade filed suit for $3,996.00.
At trial, considerable testimony was heard to the effect that two potential purchasers, George M. Peters and Steven Guidry, had been excluded from the Wade-Joffrion listing agreement and that should Joffrion sell to one of them, no commission would be due Wade. While the written contract contained no exceptions to the listing agreement, testimony tending to establish such exclusions was admitted without objection by plaintiff's counsel.
The trial court heard the testimony, saw the evidence, and concluded that Peters and Guidry were, indeed, excluded from the contract. Plaintiff's suit was, therefore, dismissed at his cost.
Plaintiff appeals on the sole basis that the trial court erred in finding exclusions to the written contract.
We agree with the trial court's findings of fact. The record as a whole clearly establishes that Peters and Guidry were excluded from the listing agreement.
Plaintiff urges that parol testimony should not be controlling as against the clear and unambiguous terms of a written contract. This is true. However, plaintiff's counsel did not object to the admission of such testimony at trial. Therefore, under the basic evidentiary rule that everything not excluded is admitted, all the parol testimony was properly allowed into the record and considered by the trial court.[1]
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by John Wade.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge, dissenting.
The majority opinion bases its holding upon a comment contained in a student symposium on parol evidence contained in 35 La.L.Rev. 745 et seq. (1975), which indicates that LSA-C.C. art. 2275 applies to immovables, and 2276 applies to all contracts, and that the former is substantive and the latter evidentiary. We cannot agree, first, that art. 2276 applies to all contracts, as it speaks of "the acts", clearly referring to the preceding article, art. 2275, which deals with transfers of immovable property. Second, we do not find any Codal basis for the dichotomy of evidentiary and substantive with regard to parol which the law review comment seems to draw, and upon which it cites as authority another law review comment contained in the same student symposium. However, even if we adopt that dichotomy, art. 1945 clearly is substantive. It indicates that "Legal agreements (shall have) the effects of law upon the parties (and) none but the parties can abrogate or modify them." Here, plaintiff is quite clearly seeking to modify by parol that which is a substantive "law", contracts being substantive "law". This he should not be permitted to do. Reading further in art. 1945, we see that "the intent (of the parties) is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences." Here, the words of the contract *1267 are clear and unambiguous, and lead to no absurd consequences, and as the contract constitutes the "law" between the parties, parol that would have the effect of altering it cannot be considered, even if it is admitted without objection. Even if that analysis is flawed, and parol evidence may be considered if admitted without objection, which is clearly an incorrect view, still it should not be accorded sufficient weight to overturn, and be deemed more reliable than, the wording of a clear and unambiguous written contract.
We see that our view, which would find parol evidence admitted without objection insufficient or unworthy of consideration to alter the terms of a written contract that is clear and unambiguous, is in keeping with the jurisprudence of this state.
In Little v. Haik, 246 La. 121, 163 So.2d 558 (1964), plaintiffs introduced without defendant's objection testimony tending to show an oral contract between plaintiffs and defendant for the purpose of acquiring oil, gas, and mineral leases. The Louisiana Supreme Court held that such testimony would have been inadmissible under the parol evidence rule of C.C. arts. 2275, 2276 as the alleged contract affected mineral interests, a form of immovable property. It then extensively considered the earlier jurisprudence which had held that if parol evidence as to interests in immovable property is introduced without objection, it may be considered (see most notably In re Industrial Homestead Ass'n., 198 So. 528 (La.App. Orl.1940), and impliedly overruled that jurisprudence. The Court in Little held that inadmissible parol evidence introduced without objection cannot be considered where defendant had made a denial, because the law reprobates such proof. Although in the present case it was defendant who introduced parol evidence, and plaintiff who failed to object to its introduction, the reasoning of Little is appropriate. It shows that where interests in immovable property are involved (as is not the case here), and a denial of the truth of the parol evidence is made (either in pleadings, or in testimony, as is presently the case), parol evidence will not be considered, although it is introduced without objection.
The reasoning of Little in holding that inadmissible parol evidence, the veracity of which is denied by the opposing party but which is admitted without objection, cannot be considered, applies to the present case. We believe that because as written the exclusive listing agreement is clear and unambiguous and does not exclude any property, on its face, parol evidence cannot be considered, and that the listing agreement is fully enforceable, and plaintiff, Wade, is entitled to his commission of 6% on Joffrion's sale of the lot in question for $40,600.00.
I respectfully dissent.
NOTES
[1] Louisiana's parol evidence rule, LSA-C.C. Art. 2276, is evidentiary in nature and not substantive. See Writing Requirements and the Parol Evidence Rule, 35 La.L.Rev. 745, 757 (1975). An evidentiary rule not invoked at trial is waived and may not later be used to exclude evidence. Chivers v. Couch Motor Lines, Inc., 159 So.2d 544 (La.App. 3rd Cir. 1964); In re Industrial Homestead Ass'n., 198 So. 528 (La. App.Orl.Cir.1940); 32A C.J.S. Evidence 863; 88 C.J.S. Trial 115. It is true that Little v. Haik, 246 La. 121, 163 So.2d 558 (1964), implicitly overruled In re Industrial Homestead Ass'n. Little v. Haik, however, was not grounded on the evidentiary rule of LSA-C.C. Art. 2276 but on the clearly substantive requirement of LSA-C.C. Art. 2275 which provides that, in general, every transfer of immovable property must be in writing. Little must therefore not be extended beyond its facts and does not erode the basic principle that an evidentiary rule not invoked is waived. Southern Fleet Leasing Corporation, 228 So.2d 512 (La.App. 3rd Cir. 1969).