ROGERS, Justice.
 

 This is a controversy between attorneys for the division of the attorney’s fee resulting from a judgment obtained by the State of Louisiana against the Sinclair Refining Company for delinquent gasoline taxes and the. attorney’s fee allowed by statute. State v. Sinclair Refining Company,
 
 *223
 
 195 La. 288, 196 So. 349, in which, on motion of the State, an appeal to the Supreme Court of the United States was dismissed. See Sinclair Refining Company, Appellant, v. State of Louisiana, 311 U.S. 609, 61 S.Ct. 39, 85 L.Ed. 386.
 

 After the judgment against the Sinclair Refining Company had become final, Justin C. Daspit sued to enjoin the company from paying the collector of revenue, or the state treasurer any part of the attorney’s fee awarded the State. Daspit, one of the attorneys whose names appear in the record and on the briefs as representing the State in the litigation, alleged that he alone was entitled to the attorney’s fee awarded in the judgment, and that he would suffer irreparable injury if the amount of the fee was paid to the State. Following the issuance of a temporary restraining order, a preliminary injunction was issued after a hearing of the parties. As the names of Fred A. Blanche and E. Leland Richardson, together with three ex attorneys general, appeared in the record and on the briefs filed by the State, Daspit, by supplemental petitions, made them parties to the suit after exceptions of nonjoinder had been filed. Daspit alleged in his supplemental petitions that although the names of the impleaded parties appeared on the record and on the briefs in the suit against the Sinclair Refining Company, with the exception of Fred A. Blanche, the entering of their names in that suit was purely complimentary and that they did not render any services and were not entitled to share in the attorney’s fee. In his original petition, Daspit averred that Blanche rendered certain services in the suit and was entitled to share equally with him in the attorney’s fee.
 

 The three ex attorneys general answered, disclaiming any interest in the fee claimed by Daspit. Blanche answered, consenting that Daspit should continue to prosecute the suit on their joint account and admitted that he would be bound by any judgment that might be rendered against Daspit.
 

 Richardson, answering the rule to show cause why a preliminary injunction should not be granted and expressly “reserving all rights to answer further on the merits,” set forth certain facts which, if proved, would entitle him to a share in the attorney’s fees. At the same time Richardson expressed his opinion that, as a matter of law, neither Daspit, Blanche nor himself were entitled to the amount realized as the attorney’s fee since each of them was in the employ of the department of revenue on a monthly salary basis. Richardson denied that Daspit had performed all the work in the Sinclair case and alleged that he, Richardson, had participated as an attorney in the case and he claimed specifically that after the rehearing was refused by this Court, he alone represented the ■ State in the Supreme Court of the United States to which an appeal was taken.
 

 In his answer to the merits, and after the preliminary injunction had issued, Richardson made similar allegations, but he pleaded in the alternative that if he were wrong in his opinion that the attorneys representing the State were not entitled to participate in the recovery of the statutory attorney’s fee, he was entitled to share in that fee to the extent of one-third.
 

 
 *224
 
 On tHe trial' of the application for' the permanent injunction, when Richardson offered evidence in support of his alternative demand for a share in the attorney’s fee, counsel for Daspit objected on the ground that Richardson, in his answer to the rule nisi, had judicially estopped himself from claiming any part of the fee. The objection was sustained and the evidence excluded.
 

 On the appeal to this Court, it was held that the ruling was erroneous and that Richardson should have been permitted to offer the excluded evidence. The case was “ordered remanded to the district court with instructions to receive all relevant evidence that E. Leland Richardson may offer in support of his alternative demand, and then to decide whether Richardson is entitled to a share of the 10 per cent attorneys’ fee, and if so what share.” Daspit v. Sinclair Refining Company, 198 La. 9, 3 So.2d 259, 268.
 

 The trial of* the issue on which the case was' remanded resulted in a judgment denying Richardson’s claim to one-third of the attorney’s fee (amounting to approximately $12,000) and awarding him $1,000 of the amount recovered as the attorney’s fee in the suit of the State against the Sinclair Refining Company, together with a proportionate share of the interest actually paid by the company in the case. From this judgment both Daspit and Richardson have appealed to this Court.
 

 It is contended on behalf of Daspit that Richardson, by his judicial admission, is es-topped to claim any portion of the attorney’s fee involved in this proceeding. The same contention was made and disposed of adversely to Daspit on the previous hearing of the case. Our ruling appears on page 267 of our opinion as it is reported in the 3 So.i2d, as follows:
 

 “The admission was merely an expression of opinion on a proposition of law; and it was not even an expression of opinion that Daspit alone, or that Daspit and Blanche, should have the 10 per cent attorney’s fee. The opinion which Richardson expressed was that none of the special assistant attorneys general had a right to receive the 10 per cent attorney’s fee. That opinion should not be construed as an admission, even as a proposition of law, that Richardson would not be entitled to a share of the fee if Daspit and Blanche were entitled to their share of it. A judicial admission must not be divided against the litigant who makes it, but must be taken for all that is said in the admission. Rev.Civ.Code, art. 2291; Code of Practice, art. 356; Scurto v. LeBlanc, 191 La. 136, 184 So. 567. Richardson’s expression of opinion that none of the three special assistant attorneys general was entitled to the 10 per cent attorney’s fee cannot be considered as an abandonment in favor- of Daspit, or in favor of Daspit and Blanche, of whatever interest Richardson might have in the fee. If the expression of opinion had been intended as an abandonment of any share which Richardson had in the 10 per cent attorney’s fee, it would have been an abandonment in favor of the State, not in favor of Daspit or of Blanche.
 

 “It is true that when Richardson first expressed his opinion that he and the two
 
 *225
 
 other special assistant attorneys general were not entitled to the 10 per cent attorney’s fee as extra compensation for the services which they had rendered in the suit of the State against the Sinclair Refining Company Richardson did not follow up with an alternative demand for a share of the fee if the court should not adopt his opinion on the subject. But Richardson’s first expression of opinion on the subject was given in his answer to the rule to show cause why a preliminary injunction should not be granted to Daspit; and there was no occasion then for Richardson to do more than to reserve his right to answer further to the suit on its merits, in order to reserve the right to make his alternative demand.”
 

 In accordance with our ruling, the case was remanded in order that Richardson might offer evidence in support of his demand for a share of the attorney’s fee claimed by Daspit.
 

 Prior to and during the year 1938, the legal division of the department of revenue consisted of Daspit, Blanche and Richardson, with Daspit acting as general counsel. Each of these attorneys received for his services an annual salary of $5,000. The suit of the State against the Sinclair Refining Company was filed on December 31, 1938, and the names of all the attorneys composing the legal division of the department of revenue were signed to the petition. The collector of revenue, who was serving when the suit was filed, was succeeded in office by W. A. Cooper on February 2, 1939. Cooper retained Daspit, Blanche and Richardson as attorneys for his department, but he designated Richardson as general counsel and as such held him responsible for all the legal work of the department. He so notified Daspit and Blanche. At the time of his appointment as general counsel, Richardson’s salary was increased to $6,000 a year. Later the annual salaries of Daspit and Blanche were increased to the same amount. Daspit and Blanche ceased to have any connection with the department of revenue on June 15, 1940. Cooper’s successor in office was appointed on July 1, 1940. He retained Richardson as general counsel of the department and Richardson held the office until July 1, 1941, when he retired to enter private practice.
 

 The petition for a rehearing in the suit of the State against Sinclair Refining Company was denied by this Court on May 8, 1940. At that time Daspit was still in the'employ of the department of revenue.
 

 The trial judge correctly found that Daspit alone prepared and filed the petition; that he tried the suit in the district court without assistance except that furnished by Blanche and that he prepared the briefs and argued the case in this Court; that Richardson actively entered the case only after Daspit was no longer with the department of revenue and when an appeal had been taken by the Sinclair Company to the Supreme Court of the United States. Richardson appeared in the Supreme Court of the United States where he filed the necessary documents to oppose jurisdiction and to secure the dismissal of the appeal, which he succeeded in accomplishing.
 

 
 *226
 
 Richardson maintains that under the employment of Daspit, Blanche and himself by the collector of revenue, they constituted one unit, the
 
 legal staff
 
 of the department; that the assignment of one of them to a particular case did not indicate the case was to belong to the one to whom it was assigned, particularly as to any statutory attorney’s fee that might be recovered. Richardson argues, and he cites a number of authorities in support of his argument, that on the filing of the Sinclair suit the three attorneys whose names appear in the record, beginning with the petition, entered into a joint venture or special partnership entitling them to share equally in the statutory attorney’s fee awarded by the Court; in other words, that regardless of which of the three attorneys constituting the legal staff of the department of revenue handled a particular case, if an attorney’s fee was awarded in the judgment, the fee enured to the benefit of all without regard to which of the attorneys did the work.
 

 Daspit’s position, to use his own wprds, is as follows: “I gave up the private practice of law on the promise and agreement that the attorney’s fees recovered in important litigation may be paid to me in addition to my salary. The case of the State of Louisiana v. Sinclair Refining Company was committed to me by the collector of revenue. I had complete charge of the management of the case and the responsibility of its proper conduct rested upon me. I prosecuted the case successfully to judgment and I have earned the fees therefor.”
 

 As we have pointed out, the case of the State against the Sinclair Refining Company was in charge of Daspit from its inception until the rehearing was denied by this Court. Thereafter, because Daspit was no longer with the department of revenue, the case was in charge of Richardson who was the general counsel for the. department. As is well said by the trial-judge in his written reasons for judgment:
 

 “The difficult feature of the entire case is that never before were the attorneys for the Department of Revenue paid statutory fees recovered in important litigation. Never was there a custom established in the Department relating to the payment of such fees and as far as the evidence goes, there never was a single case in which the attorneys individually or collectively received any part of statutory attorneys fees, although the State in several instances, was awarded large amounts as attorney’s fees which it unlawfully, I think, kept. If there had been a single instance in which one of these attorneys received the fee awarded in a case which he alone handled, or if there had been a case where two of them handled a case and only those two were given the fee, the attorney not participating in the case receiving nothing, we would have something upon which we might find a departmental construction of the status of each attorney and of the exact nature and terms of his employment.
 

 “However, we have no such precedent. Daspit largely relies upon his alleged agreement with the Supervisor of Public Accounts that he and Blanche were to receive
 
 *227
 
 statutory attorney’s fees in all important litigation handled by either or both of them in addition to their salaries.
 

 "The Supreme Court has correctly stated that the judgment previously rendered in this case by this court in Daspit’s favor was not based on that contract. It was based on the statute and on the fact that no other attorney was claiming any part of the fee.
 

 “The Supreme Court, however, had held that Richardson is also claiming a part of the fee, and that he had the right to introduce evidence to show what part thereof he should get, if any, or words to that effect.
 

 “In view of the peculiar facts and circumstances here existing, I doubt the applicability of the authorities cited by Mr. Richardson to the effect that as to the Sinclair case there was a joint venture or implied partnership between the attorneys whose names were signed to the petition. There was no agreement of any kind between the attorneys relating to the fee in this or any other case handled by the attorneys for the Department of Revenue. As a matter of fact, it would seem that there was a foregone conclusion that the State was going to get all of the fees collected, although there is evidence in the record that on one or more occasions the attorneys did attempt to have attorney’s fee paid to them, including Mr. Richardson.
 

 “It
 
 would
 
 therefore seem to me
 
 that in the absence of any definite understanding on the subject and in the absence of any custom or precedent established in the department, and in view of the fact that never before did any of the attorneys receive any fee in addition to their salary, the fair conclusion to reach as to this case is that the attorneys should be paid in proportion to the work they did in connection with the case particularly in view of the allotment of the case to Daspit. I am satisfied that rightly or wrongly Mr. Daspit was under the impression all along that he and Blanche were to receive any statutory fee that might be recovered in this case, and I am equally satisfied that, as Richardson admitted, he was all along, of the opinion that he was not entitled to any part of the fee because it would have been compensation in addition to his salary which he says was not in accordance with the terms of his employment. Therefore, the idea of a joint venture or implied partnership could not have ever occurred to him, nor could it exist as a matter of law.”
 

 As pointed out by the trial judge, Richardson’s contention that on the filing of the Sinclair suit Daspit, Blanche and Richardson entered into a joint venture or engaged in a limited partnership is not sustained by the facts.
 

 As between the parties, the general rule with reference to joint adventures or special partnerships is that the relationship arises only where the parties intended to associate themselves as such. Their intention to create the relationship must be determined in accordance with the ordinary rules governing the interpretation and construction of contracts. 30 Am.Jur. sec. 8„ p. 681.
 

 “Lawyers between whom no general partnership exists may be regarded as joint
 
 *228
 
 adventurers or, as they are sometimes called, ‘special partners’ for the particular transaction, where they jointly undertake to represent a client in a case.” 30 Am.Jur., sec. 21, p. 687.
 

 It appears therefore that a joint adventure or special partnership whether of lawyers or other persons must ultimately rest upon a contract either express or implied.
 

 When tested by their intent, it is clear that the parties to this controversy were not associated as joint adventurers or special partners in the prosecution of the Sinclair suit. There was neither an express contract nor an implied agreement that such relationship should exist between them. The mere fact that Richardson’s name was signed to the original petition and otherwise appears in the record is not sufficient to create the relationship. Daspit and Richardson did not jointly undertake to represent the department of revenue in the litigation. Daspit was in full control of the Sinclair suit from its inception until it was finally disposed of by this Court. Richardson did not assume control of the litigation until after Daspit had severed his connection with the. department ■ of revenue.-
 

 Participation in the profits or fees resulting from the enterprise is an important factor in determining whether a joint adventure or special partnership exists. The trial judge properly found that Daspit was under the impression that he and Blanche only were to participate in any statutory fee that might be recovered in the Sinclair case and that Richardson was under the impression that none of the attorneys, including himself, was entitled to any part of the fee because it represented' additional compensation to them contrary to the terms of their employment. Consequently, neither Daspit nor Richardson had in mind that a joint adventure or implied partnership existed between them with reference to the filing and prosecution of the suit against the Sinclair Refining Company.
 

 Daspit strongly relies on the alleged contract with the supervisor of public accounts that in addition to their salaries he and Blanche were to receive the statutory attorney’s fee recovered in all important litigation handled by either or both of them. He argues that as a result of his employment under the contract he obtained a mandate coupled with an interest and that since his services were discontinued without cause, he is entitled to the full amount of the attorney’s fee recovered under the judgment against the Sinclair Company. But the judgment previously rendered by the trial judge in this case in Daspit’s favor was not based on the contract. It was based on the statute and on the fact that no other attorney was claiming the fee. We pointed this out in our opinion reviewing the judgment of the ' district court. We also pointed out tliat the writer of the letter confirming the verbal contract had no authority in law to bind or obligate her successor in office in the matter of employing attorneys for the department of revenue. And further held that since Richardson is now claiming part of the fee he was entitled to do so, and we remanded
 
 *229
 
 the case in order to give him an opportunity of introducing evidence to show what part of the fee he was entitled to receive. See Daspit v. Sinclair Refining Company, 198 La. 9, 3 So.2d 259.
 

 In pursuance of our decree, evidence was heard in the district court on the issue for which the case was remanded. After considering the evidence, the trial judge, as shown by his written reasons, reached the following conclusions:
 

 “Mr. Richardson admits that Mr. Daspit prepared the petition and other pleadings in the Sinclair case. He further admits that Daspit tried the case in the district court and in the Supreme Court and he further admits that except for some authorities he says he submitted on the exceptions filed, he did not furnish any law cited in the briefs filed in either the lower or the appellate court. He claims, however, that he knew what was in the briefs. He further claims that before the suit was filed, he conferred with Daspit about the same. This Daspit strenuously denies.
 

 “There can be no doubt that Richardson took no active part in the case until after Daspit had severed his relations with the Department of Revenue. At that time the case had been won in the Supreme Court of Louisiana. Richardson’s active participation in the case undoubtedly was confined to ■ opposing jurisdiction in the Supreme Court of the United States in attending to the sending to that court of important parts of the record to sustain the State’s position and in preparing and filing the motion to dismiss the appeal.
 

 “The appeal was dismissed. Daspit contends that the appeal would have been dismissed by the Supreme Court even if Richardson had not filed the motion to dismiss, as it was obvious that no Federal question had been timely raised in the case.
 

 “My first impression was that perhaps this was true, but after reading the testimony of Messrs. Porteous and Tomlinson, attorneys on the other side, I am not willing to say that Mr. Richardson’s efforts did not in some way contribute to the dismissal of the appeal in the Supreme Court of the United States. It must therefore be held that Mr. Richardson did do something of value in the case.”
 

 The record leaves no room for doubt that after Daspit severed his connection with the department of revenue Richardson took active charge of the Sinclair suit. After the rehearing was refused by this Court, the Sinclair Refining Company took an appeal to the Supreme Court of the United States. In this proceeding the department of revenue was represented solely by Richardson. He had numerous interviews with the attorneys for the Sinclair Company and spent considerable time in examining the record. He prepared and filed in the Supreme Court of the United States a motion to dismiss the appeal and a brief in support of the motion. The motion was sustained and the appeal was dismissed. D. R. Tomlinson, district general counsel of the Sinclair Refining Company, and W. A. Porteous, Jr., its local attorney, testified to the seriousness of the appeal and as to the work done in connection therewith by Richardson.
 

 
 *230
 
 Our conclusion is that Richardson’s contention that he should receive one-third of the attorney’s fee recovered from the Sinclair Company can not be upheld, but he is clearly entitled to be remunerated for his services in handling the case after Daspit’s connection with the case ceased. His services were not only hecessary, but they were valuable and we think substantially contributed to the result. The trial judge awarded Richardson the sum of $1,000 of the total fee, with a proportionate share of the interest paid and we think his judgment in that respect does full justice between the parties.
 

 For the reasons assigned, the judgment appealed from is affirmed. Costs of appeal are to be paid by Daspit and Richardson in the same proportion as the amount awarded each bears to the total amount of the attorney’s fee and interest thereon paid by the Sinclair Refining Company.