274 So.2d 739 (1973)
Eugene N. COOKMEYER
v.
Joann Karl COOKMEYER.
No. 5216.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
*740 Gerald P. Webre, Metairie, for plaintiff-appellant.
Walter F. Gemeinhardt, New Orleans, for defendant-appellee.
Before SAMUEL, STOULIG and BAILES, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against his wife for a separation from bed and board. She reconvened and, after trial, there was judgment in favor of the wife granting the separation. Subsequently, plaintiff sought a partition of the community property by licitation and the court ordered the taking of an inventory of the community. After the inventory had been taken and filed, he obtained a rule to show cause why it should not be amended so as to delete therefrom certain property listed as belonging to the community. Following trial of the rule, there was judgment amending and changing the inventory in some respects not pertinent to this appeal.
Plaintiff has appealed. In this court he complains only of that portion of the judgment on rule which held certain immovable property (two lots of ground and improvements thereon designated as 231 Papworth Avenue in the Parish of Jefferson) belonged to the litigants in equal proportions. Specifically, he complains of the trial court's conclusion:
"That Mrs. Cookmeyer, prior to her marriage, did participate financially in *741 the purchase of the Papworth Avenue property and that if, technically, this property does not fall into the community estate, it belongs half to Mrs. Cookmeyer as a partner in a joint financial venture;"
Plaintiff purchased the Papworth property, solely in his name, on May 31, 1963, approximately six months prior to his marriage to the defendant. He borrowed $2,350 from his father which he applied to the $4,000 down payment. When the parties had been married for approximately one year they borrowed funds from The Fidelity Homestead Association to purchase other immovable property for rental purposes. The Papworth property was used as security for that loan by means of the usual homestead acts of sale and resale. The defendant signed both of those acts and the promissory note evidencing the amount borrowed from the homestead, thus rendering herself solidarily liable.
The litigants were single and engaged to each other at the time the Papworth property was purchased. Defendant claims she advanced $1,000 to the plaintiff to be used as part of the $4,000 down payment because they planned to, and after their marriage did, occupy the property as their matrimonial domicile. Plaintiff denies this. His position is that he paid the difference between the $2,350 borrowed from his father and the $4,000 down payment with his own funds. The trial court found as a fact, a finding with which we agree, that the defendant did advance $1,000 which was used as a part of the down payment on the purchase price of the Papworth property as claimed by her.
In this court defendant does not deny that, in the absence of additional circumstances, property brought into a marriage by one of the spouses is separate property.[1] However, defendant contends she has an undivided one-half interest in the Papworth property for either or both of these reasons: (1) she and the plaintiff were engaged in a joint venture involving that property when it was purchased; and (2) the sale to and the resale from Fidelity Homestead, which acts do not contain the double declaration (that plaintiff was purchasing with his separate funds and for his separate estate), had the legal effect of converting the property from separate to community. We do not agree with either contention.
Only parol evidence was offered by the defendant to prove the existence of a joint venture. While it appears that evidence does not establish the litigants were engaged in a joint venture,[2] we do not reach that question. Here the defendant is attempting to prove she has an interest in immovable property by parol evidence, an interest which the plaintiff has not acknowledged under oath and which he denies. Plaintiff objected to the introduction of the parol evidence; but even in the absence of such objections, the result would be the same. Our firmly settled and rigidly enforced jurisprudence is that parol evidence, even though not objected to, cannot be used to establish an interest in immovable property where such an interest has been denied.[3]
Relative to the second contention, it is true the wife did appear in and sign *742 both Fidelity Homestead acts of sale and resale of the Papworth property, she did sign the promissory note, and neither act contains the double declaration. However, with regard to the homestead security device of sale and resale, our jurisprudence is that the resale by the homestead is not an acquisition as contemplated by LSA-C. C. Art. 2402;[4] there is therefore no need for a declaration respecting the separate character of the purchase funds used or the future separate character of the property; and the transaction, for the purpose of providing the homestead with the security of a vendor's lien and first mortgage, is a pignorative contract which does not result in separate property becoming community property.[5]
The cases cited by the defendant to support her second contention, Succession of Daste, 254 La. 403, 223 So.2d 848 and Succession of Russo, La.App., 246 So.2d 26, are not apropos. In each the court found a clear intent on the part of the husband to make a donation. The evidence reveals no such intent in the instant case. Here plaintiff intended only to assist the community in obtaining funds to purchase community rental property and used his separate property as security for that purpose. While plaintiff's separate estate is indebted to the defendant's separate estate in the amount of $1,000, which the wife advanced on the down payment of the purchase price of the property in suit, and to the community for those amounts the community paid to Fidelity Homestead on the purchase price of that property and to plaintiff's father on his $2,350 loan, the Papworth property remained and is plaintiff's separate property.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the following property
TWO CERTAIN LOTS OF GROUND, together with all buildings and improvements thereon, etc., situated in the Parish of Jefferson, State of Louisiana, in that portion thereof known as Metairie Ridge Nursery Subdivision, being lots Numbers Sixteen (16) and Seventeen (17) of Square Number Twelve (12), which said lots adjoin each other and front on Papworth Avenue. The improvements thereon bear the Municipal Number 231 Papworth Avenue.
Being the same property acquired by Eugene N. Cookmeyer by purchase from The Fidelity Homestead Association on May 31, 1963 as per act executed before William L. Andry, Notary Public, registered in the Parish of Jefferson in C.O. B. 571, Folio 993.
be decreed to be the separate property of the plaintiff, Eugene N. Cookmeyer. It is further ordered that this matter be remanded to the trial court for further proceedings in accordance with law and in conformity with the views expressed in this opinion; all costs to await a final determination.
Reversed and remanded.
NOTES
[1] LSA-C.C. Art. 2334.
[2] Pertinent to what constitutes a joint venture under our jurisprudence, see Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797; Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847; McCann v. Todd, 203 La. 631, 14 So.2d 469; Daspit v. Sinclair Refining Co., 199 La. 441, 6 So.2d 341; Daily States Pub. Co. v. Uhalt, 169 La. 893, 126 So. 228; Mire v. Fidelity & Casualty Co. of New York, La.App., 177 So.2d 588; Villarrubia v. Roy, La.App., 162 So.2d 86; Harding v. Wattigney, La.App., 62 So.2d 190.
[3] LSA-C.C. Art. 2276; Little v. Haik, 246 La. 121, 163 So.2d 558; Stack v. De Soto Properties, 221 La. 384, 59 So.2d 428; Cernich v. Cernich, 210 La. 421, 27 So.2d 266; 47 Tul.L.Rev. 381 Parol Evidence in Louisiana.
[4] In pertinent part, the article provides the community consists "... of the estate which they [husband and wife] may acquire during the marriage, ..." (Emphasis ours).
[5] Ruffino v. Hunt, 234 La. 91, 99 So.2d 34; Lazaro v. Lazaro, La.App., 92 So.2d 402.