BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court, Parish of Orleans overruling defendant’s Exception of No Right or Cause of Action and granting plaintiff’s Motion for Summary Judgment.
FACTS
On December 30, 1966 Helen Tucker Poche [Helen] and her husband James Poche [James] conveyed, through duly recorded Act of Sale, a certain piece of property located at 2014 N. Galvez in New Orleans, to Helen’s brother Joseph Tucker [Joseph]. On the same date Joseph executed a counter letter providing that the property was being “sold” to him as a mere convenience and that title was actually vested in Helen alone as part of her separate estate. This counter letter was not recorded until several years later.
On January 3, 1975 Joseph sold the subject property to Homeseekers Savings and Loan Association [Homeseekers] which in turn resold the property to Joseph and Helen jointly. Joseph died on July 10, 1981. His succession was opened on July 27, and the original counter letter recorded on November 19, 1981.
In May, 1982, Joseph’s widow, appellee herein, instituted this action as executrix of his estate to have the counter letter declared null and void. Appellant, Helen Poche, filed an Exception of No Right or Cause of Action and reconvened, seeking a declaratory judgment recognizing her as the full and true owner of the subject property. Appellee thereupon, filed a Motion for Summary Judgment on the main demand, which was granted, declaring the counter letter to be null and void. Appellant’s Exception of No Right or Cause of Action was overruled: This appeal followed.
ISSUES PRESENTED
Appellant raises two arguments on appeal: 1.) That the trial court erred in overruling the exception of No Right or Cause of Action; and 2.) That the sale and resale to Homeseekers should not alter the effect of the counter letter between the parties.
EXCEPTION OF NO RIGHT OR CAUSE OF ACTION
By this argument, appellant maintains that Civil Code Article 2239 provides that only creditors of the decedent and forced heirs have the right to bring an action to set aside a counter letter. Appellant further contends that parole evidence was incorrectly admitted to nullify the counter letter.
It is well settled that forced heirs may attack the simulated contracts of the deceased and, that in bringing such an action, they are not limited to the legitime. La.Civil Code Art. 2239; Johnson v. McCorvey, 344 So.2d 448 (La.App. 2nd Cir.1977); Miles v. Miles, 328 So.2d 394 (La.App. 3rd. Cir.1976). However, these cases, as well as others cited by appellant in support of this rule, are inapposite to the factual situation presented herein.
The jurisprudence cited above applies to the situation where a sale of immovable property is attacked as a simulation. In the case at bar, however, the actual validity of the counter letter was not contested and there was no allegation of a simulation. Rather appellee contends that *1209 the subsequent sale and resale of the property had the effect of voiding the then unrecorded counter letter. Under these circumstances we feel the stricture of Article 2239 and cases decided thereunder are inapplicable to the instant claim.
A majority of the cases in this area involve intestate successions. In the present case the petitioner, Joseph’s widow, was bequeathed his undivided one half interest in the subject property. She is thus the real party in interest. Under the present facts, few would have a greater right to bring this action than one who would lose her inheritance should the counter letter be found binding.
Further, appellant contends that the trial court erred in allowing the introduction of certain affidavits which amounted to parole evidence. This contention is based on the fact that there are no forced heirs involved in this case and under Article 2239, only forced heirs have the absolute right to employ parole evidence to set aside a purported sale as a simulation.
However, as noted above, the present action does not involve any allegations of simulation. Moreover, assuming that Article 2239 should apply we find that the record before the trial court .was sufficient to support its holding even without considering the affidavits.
The court below considered the sworn deposition testimony of the appellant, Helen Poche, stating that she was aware of the changed status of the property after the act of sale and resale. Further, decedent’s will bequeaths his undivided one-half interest in the property to his widow, appellee herein. This manifestation of decedent’s intent evidences his belief that he had become a true co-owner despite the fact that he had previously executed a counter letter denying ownership. Finally, the record reflects that the appellant was present when the will was drafted and did nothing to contradict the disposition of the subject property. These facts clearly indicate that all the parties were or should have been aware of the joint ownership of the property once appellant knowingly placed her name on the Act of Sale and Resale as co-owner with her brother.
SALE AND RESALE OF THE PROPERTY
The jurisprudence recognizes that the sale and resale of property to and by a Homestead is merely a method of refinancing which protects the Homestead by providing it with a vendor’s lien on the property-
Appellant correctly states that where one sells his property to a Homestead, which in turn resells it to the same person, the status of that property remains unchanged. Cookmeyer v. Cookmeyer, 274 So.2d 739 (La.App. 4th Cir.1973). However, this rule originated in cases in which the issue was whether the sale and resale changed the classification of the property from separate to community or vice versa.
The facts in the instant case are unique in that the owner of record, Joseph Tucker, sold the property to the Homestead which resold it to Mr. Tucker and his sister jointly. Thus the status of the property as community or separate is not the issue. The fact that Mrs. Poche was specifically named on the act of resale as co-owner with Mr. Tucker distinguishes this case from those cited by appellant and directly supercedes the previously unrecorded counter letter. The record clearly establishes that after the sale and resale, all parties were aware that the property was jointly owned by Joseph and Helen.
CONCLUSION
The executrix of Mr. Tucker’s estate, Hazel Tucker, has a right of action herein. The sale and resale to the Homestead nullifies the previously unrecorded counter letter and Mr. Tucker’s undivided one half interest in the Galvez Street property must be disposed of in accordance with the provisions of his will.
*1210 For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.