838 So.2d 918 (2003)
Richard SMITH
v.
Marie LONZO and Willie Barton.
No. 02-1053.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
Douglas L. Bryan, The Bryan Law Firm, L.L.C., Marksville, LA, for Defendant/Appellant, Marie Lonzo.
Norris J. Greenhouse, Marksville, LA, for Plaintiff/Appellee, Richard Smith.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS and GLENN B. GREMILLION, Judges.
COOKS, Judge.
This is an appeal from a judgment of the Marksville city court finding Marie Lonzo jointly liable with Willie Barton for a judgment granted in favor of Richard Smith. Finding the city court judge erred in holding a joint venture existed between Lonzo and Barton, we reverse.

FACTS
Richard Smith entered into an agreement with Willie Barton to have the starter on his 1989 Lincoln Continental repaired. Barton agreed to perform the work for approximately $300, and requested a $100 deposit. On the day Smith came to pay the $100 deposit, Barton was not present. The $100 was given to Marie Lonzo, who wrote Smith a receipt bearing *919 Barton's name. Smith claimed he eventually had his vehicle removed because it was not repaired. The vehicle remained with Barton for over one year. An estimated cost for repairs on the vehicle at this point was $2,653.56.
Smith filed suit against Barton in the Marksville City Court. At some point after the filing of the suit, Lonzo's name was typed on the petition along with Barton's as a defendant. On August 23, 2001, a judgment was rendered in favor of Smith and against both Barton and Lonzo in the amount of $5,027.08. Counsel for Lonzo sought a nullity of the judgment as to her on the basis of no service of process. The City Court out of an "abundance of caution" nullified the judgment as to Lonzo "because the record was not complete as to service."
Trial against Lonzo was then reset. It was established at trial that Lonzo and Barton, although not married, were in an intimate relationship and have a child together. Smith testified that they lived together, although this was denied by Lonzo. Barton stated they lived together "part time." Barton and Lonzo have separate residences, although the two backyards abut each other.[1] Barton's mechanic's occupational license listed Lonzo's address on it.
It was established that Barton was employed by Meineke Mufflers as a mechanic, but took additional jobs on the side to make extra money. It was also established that Lonzo had allowed Barton to use her yard to perform the repairs on the additional jobs for approximately three years. Barton stated he gave money to Lonzo because they had a child together, not because he had any agreement that she would receive a portion of the monies he earned working on cars in her yard. Lonzo stated she received money from Barton for "using the utilities" and for rent. Lonzo also testified she charged him for some vehicles that were kept on her property.
The city court judge ruled there was a joint enterprise between Lonzo and Barton and held Lonzo jointly liable for the judgment granted in favor of Smith. The judge gave the following oral reasons for his judgment:
[T]here is evidence I would classify as a joint enterprise in where Ms. Lonzo provides a physical location for the operation of a mechanic business and Mr. Barton is the mechanic and the phrase early was used the "mom and pop operation" and I think that is typical in our rural setting here in Marksville and around our parish. There are no rental agreements, there are no set methods of doing business among this couple. Most of it is done on a handshake and a word and obviously by the admission of all three parties, Ms. Lonzo seems to be the one who decides on occasion who and when and where Mr. Barton does this work on vehicles. As he stated when he has a good day then she has a good day. I take that to mean that the amount of money she earns in this business is contingent on several things. The first thing is that the vehicles she and Mr. Barton both believe that he should work on and secondly the time frame and the factors involved. If they know the personalities of the individuals and basically Ms. Lonzo has an apparent position of authority. I don't know if you could classify it as secretary or what have you, but certainly at her home ... she says that she doesn't know about this occupational license being in effect, but she *920 does know that this business has been in operation for a period of years and she has been involved in it and it is unfortunate that being involved in a business might not always be your intentions but by virtue of your actions you get in these situations because the public today I can assure you is more demanding today than it has ever been. If you are going to be in a business or if you are going to have someone in a business and if you are going to share the profits then in some cases you may be liable to share the liabilities and I think that is what we have here. This is clearly not an employee/employer relationship and it is clearly not a rental agreement.... The profits that she has derived have been monies that have come to her through the mechanic operations on the premises and when I say profits, that is what I am talking about income coming into her personally as a result of joint enterprise being operated by she and Mr. Barton in that she does not go out there and twist on wrenches that is all not together necessary. If she is providing a location and utilities and vital resources in conjunction with someone else who is actually doing the hands off that is in my opinion a common enterprise and a joint effort by two individuals to pull [sic] their resources in the things they have. In her case a location and utilities and his case the mechanical ability to make this business operate. This is exactly a "mom and pop" situation where mom might stand at the cash register and collect money from time to time but if she is not there because the kid is sick then pop takes the money but then mom can say we will bag your groceries next, or in this case we will fix your car, or we don't have time to fix this one, or move this one or you can't park here. This is a common enterprise and both derive an interest from it....
Lonzo appealed the judgment of the city court. For the following reasons, we reverse.

ANALYSIS
The city court judge found Lonzo was jointly liable for the judgment granted in favor of Smith, because she and Barton were involved in a joint venture. The only evidence offered to prove the alleged "joint venture" is the fact that Lonzo allowed Barton to use her property, on one occasion collected money paid as a deposit to Barton for mechanic work and accepted money from Barton for rent and utilities. Simply providing a physical location for the repairs of cars and charging for rent and utilities is not sufficient to establish a joint venture. In Guilbeaux v. Times of Acadiana, Inc., 96-360, p. 10 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, 1188, writ denied, 97-1840 (La.10/17/97), 701 So.2d 1327, we described joint venture as follows:
Since the essential elements of a joint venture and a partnership are the same, joint ventures are generally governed by partnership law. Latiolais v. BFI of Louisiana, Inc., 567 So.2d 1159 (La.App. 3 Cir.1990). Louisiana Civil Code Article 2801 defines partnership as:
[A] juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit.
A joint venture requires:
(1) A contract between two or more persons;
(2) A juridical entity or person is established;
(3) Contribution by all parties of either efforts or resources;

*921 (4) The contribution must be in determinate proportions;
(5) There must be joint effort;
(6) There must be a mutual risk vis-a-vis losses;
(7) There must be a sharing of profits.
Although what constitutes a joint venture is a question of law, the existence or nonexistence of a joint venture is a question of fact. Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972). "[J]oint adventures [sic] arise only where the parties intended the relationship to exist. They are ultimately predicated upon contract either express or implied." Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 124, 90 So.2d 797, 801 (1956), citing Daspit v. Sinclair Refining Co., 199 La. 441, 6 So.2d 341 (1942).
After a review of the record we find the City Court judge manifestly erred in finding a joint venture existed between Lonzo and Barton. There was absolutely no proof elicited at trial that any oral or written contract existed between Lonzo and Barton. There also was no agreement between the parties to share profits or losses equally. Barton expressly stated that he gave Lonzo only what he wanted to give her every month:
Q. Do ya'll have any type of arrangement as to how much she gets per vehicle?
A. No.
Q. You decide what she gets, or she decides what she gets?
A. She don't get none of it, I give it to her.
Q. Mr. Barton, I am kind of confused. When you say you give Ms. Lonzo money, what do you give her money for?
A. I just give her money ... I give her money once a month.
Q. Do you give her money because you have a child with her, or you give her money to stay there, or because you operate or work on cars there? Why? Or is it all of the above?
A. It is all of the above. I am a man... I have to do for her. Any man would give a woman money.
Q. Have you ever ... do you. How do you determine how you give her money? How much money to give her?
A. It all depends on how much money I make. I might have a good week or I might have a bad week.
It is clear to us after reviewing the record, there was no intent by either party to enter into a joint venture. The relationship between Barton and Lonzo was personal not professional. She and Barton have a child together. Barton has a legal obligation to support his child. The fact that she generously allows him to decide the amount of support legally owed by him and other monthly costs for using her property based on receipts from Barton's mechanic work does not establish a relationship existed between them sufficient to deem it a "joint venture." There is no evidence even remotely suggesting the parties intended to mutually share the losses or liabilities incurred by Barton's mechanic's operation.

DECREE
For the above reasons, the judgment finding Marie Lonzo jointly liable with Willie Barton for the judgment granted in favor of Richard Smith is reversed. All costs of this appeal are assessed to Richard Smith.
REVERSED.
NOTES
[1] Barton's listed formal residence at 412 Martin Luther King Boulevard in Marksville was owned by his mother. Lonzo was the owner of her residence at 463 Brouillette Street.